## CONFIDENTIAL SETTLEMENT AGREEMENT AND GENERAL RELEASE

THIS CONFIDENTIAL SETTLEMENT AGREEMENT AND GENERAL RELEASE (this "Agreement"), is made and entered into this 4th day of January 2017, by and among 7-Eleven (as defined below), and Plaintiffs (as defined below).

WITNESSETH:

WHEREAS, Plaintiffs filed a civil action with United States District Court for the Eastern District of New York, Civil Action No. 2:14-cv-05867-JS-GRB (the "Civil Action"), against 7-Eleven, Inc. alleging a failure to pay certain wages, including unpaid minimum wage, overtime, and spread of hours pay, as well as a failure to provide certain wage notices required under N.Y. Labor Law §§ 195(a)(1) and 195(3), relating to their employment with 7-Eleven independent contractor franchisees under the theory that 7-Eleven was a joint employer;

WHEREAS, in a Settlement Conference before U.S. Magistrate Judge Gary Brown on January 4, 2017, the parties reached a binding agreement on the materials terms of a settlement, to be memorialized in a written settlement agreement;

WHEREAS, it is the desire of 7-Eleven and Plaintiffs by this Agreement to fully, completely and permanently resolve all of Plaintiffs' Claims (as hereinafter defined), including, but not limited to, those arising out of or related to Plaintiffs' employment with 7-Eleven franchise stores and alleged joint employment with 7-Eleven or any other events taking place prior to the execution of this Agreement; and

NOW, THEREFORE, for and in consideration of the promises and the mutual covenants and agreements contained herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto hereby agree as follows:

1. <u>Definitions</u>. The undersigned agree that the following definitions shall apply in the construction and interpretation of this Agreement:

    (a)    "Affiliate" means a corporation, partnership or other entity controlled by, in control of, or under common control with 7-Eleven, Inc. or any of its Affiliates.

    (b)    "Claim" means any and all demands, legal rights, causes of action, suits, losses, or liabilities arising under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*, that have or could have been asserted as a result of, or that have arisen or at any time in the future may arise out of or be in any way connected with, directly or indirectly, any event which occurred on or before the date of this Agreement.

    (c)    "Person" includes any individual, corporation, joint venture, general or limited partnership, trust, organization, association or other entity.

    (d)    "7-Eleven" means 7-Eleven, Inc., a Texas corporation, any predecessor or current or former parent, subsidiary, or other Affiliate of 7-Eleven, Inc., or successor of any

of them, or benefit plan maintained by any of them, and the current and former directors, officers, partners, employees, associates, stockholders, and agents of any or all of them, and any Persons acting by, through or under or in concert with any of them in their official and individual capacities, past or present. "7-Eleven" does not include any independent contractor franchisee.

(e)     "Franchise Owner" or "Franchise Owners" means the following specific individuals or entities that operated 7-Eleven independent contractor store(s) at which Plaintiffs were employed:  Mohammed Usmani; Sarita Narang; Azhar Zia; Sohail Haider; Farrukh Baig; Mary Said.

(f)     "Plaintiffs" means the individuals who have filed consents to participate in the civil action as named plaintiffs -- Netra Dotel, Afzal Mukhtar, Syed Attaullah, Mahmood Akram, Mohammad Yousaf, Muhammad Yasir, Muhammad Yawar-Hayat, Mahendran Sabaratnam, Irfan Yousaf, Waqar Zaheer, Nazia Qamar, Mohammad Mohiuddin, Muhammad Haris, Rana Naveed Ahmad, Moazzam Ahmad, Keshav Raj Bhatt, Malik Faisal, Rashid Ali, and Shabbir Hussain.

2.  General Release and Agreement Not to Sue.

(a)     For and in consideration of the receipt by Plaintiffs of the Settlement Benefits (as hereinafter defined) and the mutual promises contained herein, Plaintiffs do hereby unconditionally release 7-Eleven from and of any and all Claims that may exist as of the date of this Agreement and not to file a Claim or lawsuits, or otherwise assert or attempt to assert any Claim or causes of action against 7-Eleven based on facts or events taking place prior to the date of this Agreement.  This release includes, but is not limited to, Claims arising under the Fair Labor Standards Act and New York wage and hour laws, and is further intended to include, but not be limited to, any claims or demands for damages or compensation of any kind whatsoever.

This General Release and Agreement Not to Sue does not purport to cover or affect claims that the Plaintiffs have or might have against the Franchise Owners, including any claim for restitution.

(b)     Plaintiffs agree to file (or join in filing) a motion to approve the settlement of their FLSA claims, and agree and acknowledge that this Agreement and the payment of any Settlement Benefit thereunder is expressly conditioned on the approval by the Court in the Civil Action of the settlement and dismissal with prejudice of their FLSA claims.  Should the Court refuse to grant approval of the settlement and dismissal with prejudice for all Plaintiffs' FLSA claims, Plaintiffs agree the Agreement is null and void.

(c)     Plaintiffs agree that if they violate Paragraph 2 and its subparts by filing a Claim against 7-Eleven that is barred by Paragraph 2 and its subparts, Plaintiffs shall be liable to 7-Eleven for its reasonable attorneys' fees and other litigation costs incurred in defending against such a Claim.

3. <u>Settlement Benefits</u>. In no event before the latest of (i) the day this Agreement is fully executed by all parties, (ii) the 8th day following the execution by Plaintiffs of this Agreement (provided Plaintiffs has not rescinded said execution), or (iii) fourteen (14) days of entry of an order approving the FLSA settlement in the Civil Action, 7-Eleven shall pay to Plaintiffs the benefits set forth below in this Section 3 (the "Settlement Benefits"):

  (a) The total sum of Forty Seven Thousand Five Hundred and no/100 Dollars ($47,500) paid as follows:

   (1) Each Plaintiff will receive payment of One Thousand Six Hundred Sixty Six and 66/100 Dollars ($1,666.66), less tax and withholdings required by federal, state and local laws, representing consideration for the waiver of Claims for back wages under the FLSA. 7-Eleven will report this payment to the Internal Revenue Service and issue a Form W-2.

   (2) A check representing attorneys' fees and costs for Plaintiffs' FLSA claims, in the gross amount of Fifteen Thousand Eight Hundred Thirty-Three and 33/100 Dollars ($15,833.33), will be made payable to "Fisher Taubenfeld LLP." 7-Eleven will report this payment to the Internal Revenue Service and issue a Form 1099 for Fisher Taubenfeld LLP and a Form W-2 for each Plaintiff.

  (b) Plaintiffs acknowledge and agree that neither 7-Eleven nor any of its Affiliates have any legal obligation to provide Settlement Benefits to them other than pursuant to this Agreement. Plaintiffs also acknowledge and agree that their acceptance of the Settlement Benefits and attendant obligations as described in this Agreement is in consideration of the promises and undertakings of 7-Eleven as set forth in this Agreement.

  (c) With this Agreement, Plaintiffs and Fisher Taubenfeld LLP agree to provide 7-Eleven with executed and completed Form W-9's (including the full name, address and social security number or tax identification number for each plaintiff) and acknowledge that 7-Eleven has no duty to provide them with the Settlement Benefits until it is in receipt of executed and completed forms from all Plaintiffs and Fisher Taubenfeld LLP along with a fully executed copy of this Agreement.

4. <u>Other Provisions</u>.

  (a) This Agreement and compliance with it shall not be construed as an admission by 7-Eleven, or any officer, employee or agent of 7-Eleven, of any liability or wrongdoing whatsoever. 7-Eleven specifically disclaims any wrongdoing and disclaims any liability to Plaintiffs for any alleged violation of his rights including any violation of any constitutional, statutory, common law or contractual rights. Plaintiffs shall not be considered a prevailing party for any purpose. 7-Eleven denies that it is or was a joint employer with any of its independent contractor franchisees.

(b)    The parties hereto acknowledge that this Agreement, the compromise and settlement evidenced thereby, and any evidence relating thereto, each and all: (i) shall never be admissible as evidence against the Persons herein released in any present or future suit, Claims or proceeding of any nature, except as necessary to enforce rights granted pursuant to this Agreement and the instruments, documents and agreements referenced herein; (ii) but may be asserted by and introduced as evidence for the Persons hereby released as an absolute and final defense and bar to any Claim released herein in any present or future suit or proceeding of any nature.

(c)    The parties hereto agree that the consideration recited herein is the only consideration given or agreed to be given for this Agreement and the amount of such consideration is contractual and not a mere recital.

(d)    In the event that it shall be necessary for 7-Eleven to institute legal action to enforce any of the terms or conditions or provisions contained herein, or for any breach thereof, 7-Eleven shall be entitled to recover its costs and reasonable attorneys' fees from Plaintiffs.

(e)    Plaintiffs understand and agree that they are responsible for payment of any taxes which are required to be paid to the State of New York, the United States Government or any other entity as a result of this settlement. Plaintiffs acknowledge that no representations regarding the tax consequences of this settlement have been made to them by 7-Eleven or 7-Eleven's counsel. Plaintiffs agree that, in the event that some federal, state or local agency takes the position that taxes should have been withheld from amounts paid to them or their counsel pursuant to this Agreement, they will be solely responsible for payment of any such alleged tax obligations. 7-Eleven agrees that if any demand, proceeding, action or suit is brought against it by any federal, state or local agency for any alleged tax liability, interest or penalty associated therewith, 7-Eleven will notify Plaintiffs within a reasonable time period after learning of such action or claim.

(g)    Plaintiffs understand and agree that they are responsible for payment of their own attorneys' fees and costs incurred in connection with this matter and the settlement thereof, other than specifically referenced herein. Plaintiffs further understand and agree that the payments they will receive or that are being made on their behalf under this Agreement include any and all claims for his attorneys' fees and costs and that the release under this Agreement includes any and all claims for attorneys' fees and costs.

(h)    Plaintiffs acknowledge that they have carefully read and fully understand the provisions of this Agreement, including the release contained herein, that they have been given the legally required period of time to consider the terms of this Agreement, that they have had sufficient time to consult with their counsel, and that they enter into this Agreement knowingly and voluntarily and not as a result of any pressure, coercion or duress. By executing this Agreement, Plaintiffs acknowledge that they have made their own investigation of the facts and are relying solely upon their own knowledge and the advice of their own legal counsel, and knowingly waive any claim that this Agreement was induced by any misrepresentation or nondisclosure and any right to rescind or avoid this

Agreement based upon presently existing facts, known or unknown. The Parties stipulate that each Party is relying upon these representations and warranties in entering into this Agreement. These representations and warranties shall survive the execution of this Agreement.

(i)       Each party has had the opportunity to revise, comment upon and redraft this Agreement. Accordingly, it is agreed that no rule of construction shall apply against any party or in favor of any party. This Agreement shall be construed as if the parties jointly prepared this Agreement, and any uncertainty or ambiguity shall not be interpreted against any one party and in favor of the other.

5.  <u>Notices</u>.  Any notice required hereunder will be in writing and shall be effective when personally delivered or when deposited in the United States mail, postage prepaid, certified mail and delivered as follows:

<u>If to Plaintiffs:</u>

Michael Taubenfeld, Esq.
Fisher Taubenfeld LLP
225 Broadway, Suite 1700
New York, New York 10007

<u>If to 7-Eleven:</u>

Allison Bernstein, Esq.
Senior Counsel
7-Eleven, Inc.
P.O. Box 711
Dallas, Texas 75211

6.  <u>Miscellaneous</u>.

(a)       This Agreement contains all of the agreements and understandings between the parties and supersedes and replaces any prior negotiations or proposed agreements, written or oral. Each of the parties acknowledges that no other party, nor agent of any other party, has made any statements, understandings, agreements, promises, representations, or warranties whatsoever, express or implied, not contained herein, to induce it to execute this Agreement. This document may not be modified, amended, or altered except by a subsequent writing to be signed by all parties hereto. The parties intend that the releases contained herein be as broad as permitted by law.

(b)       **THE VALIDITY, CONSTRUCTION, OPERATION AND EFFECT OF THIS AGREEMENT SHALL BE GOVERNED BY, AND CONSTRUED AND ENFORCED IN ACCORDANCE WITH, THE LAWS OF THE STATE OF NEW YORK.  ANY ACTION TO ENFORCE OR INTERPRET THE TERMS OF THIS AGREEMENT SHALL BE BROUGHT AND MAINTAINED IN FEDERAL OR**

**STATE COURT IN NEW YORK.   PLAINTIFFS HEREBY IRREVOCABLY CONSENT TO THE PERSONAL JURISDICTION OF THE COURTS OF NEW YORK.**

(c)     If any provision of this Agreement is or may be held by a court of competent jurisdiction to be invalid, void or unenforceable to any extent, the validity of the remaining parts, terms, or provisions shall not be affected thereby, and such invalid or unenforceable part, term or provision shall be deemed not to be a part of this Agreement.  The remaining provisions shall, nevertheless, survive and continue in full force and effect without being affected or invalidated in any way.

(d)     The representations and warranties set forth herein shall survive the execution and delivery of this Agreement.

(e)     This Agreement shall be effective as of the date first above written and shall inure to the benefit of and be binding upon the parties hereto, their respective heirs, successors and assigns.  Plaintiffs may not assign their rights and obligations under this Agreement without the express written consent of 7-Eleven, and any such purported assignment is null and void.

(f)     Each party hereto shall bear its own direct and indirect expenses incurred in connection with the negotiation and preparation of this Agreement and the consummation and performance of the transactions contemplated hereby.

(g)     This Agreement may be executed in separate counterparts, any one of which need not contain signatures of more than one party, but all of which taken together will constitute one and the same agreement.  Signatures transmitted by facsimile machine or electronically in Portable Document Format (PDF) or similar software shall be treated as originals for purposes of this Agreement.

IN WITNESS WHEREOF, the parties have executed this agreement or caused the same to be executed by their duly authorized corporate officers, all as of the date first above written.

**To the extent necessary, the Agreement has been translated from English to Urdu for Plaintiffs' signature, who affirm that they understand and accept the terms of the Agreement.**

**By signing below, I agree that I understand the terms and conditions of the Agreement.**

**[INSERT URDU TRANSLATION OF ABOVE TWO BOLDED PARAGRAPHS HERE]**

[THE REMAINDER OF THIS PAGE HAS INTENTIONALLY BEEN LEFT BLANK.]

**Netra Dotel:**

_____

Subscribed to and sworn before me
this \_\_\_\_ day of January, 2017.

_____
          Notary Public

**Afzal Mukhtar:**

_____

Subscribed to and sworn before me
this \_\_\_\_ day of January, 2017.

_____
          Notary Public

**Syed Attaullah:**

_____

Subscribed to and sworn before me
this \_\_\_\_ day of January, 2017.

_____
          Notary Public

**Mahmood Akram:**

_____

Subscribed to and sworn before me
this \_\_\_\_ day of January, 2017.

_____
          Notary Public


**Mohammad Yousaf:**

_____

Subscribed to and sworn before me
this \_\_\_\_ day of January, 2017.

_____
          Notary Public


**Muhammad Yasir:**

_____

Subscribed to and sworn before me
this \_\_\_\_ day of January, 2017.

_____
          Notary Public

**Muhammad Yawar-Hayat:**

_____

Subscribed to and sworn before me
this _____ day of January, 2017.

_____
            Notary Public


**Mahendran Sabaratnam:**

_____

Subscribed to and sworn before me
this _____ day of January, 2017.

_____
            Notary Public


**Irfan Yousaf:**

_____

Subscribed to and sworn before me
this _____ day of January, 2017.

_____
            Notary Public

**Waqar Zaheer:**

_____

Subscribed to and sworn before me
this _____ day of January, 2017.


_____
          Notary Public



**Nazia Qamar:**

_____

Subscribed to and sworn before me
this _____ day of January, 2017.


_____
          Notary Public



**Mohammad Mohiuddin:**

_____

Subscribed to and sworn before me
this _____ day of January, 2017.


_____
          Notary Public

**Muhammad Haris:**

_____

Subscribed to and sworn before me
this _____ day of January, 2017.

_____
       Notary Public

**Rana Naveed Ahmad:**

_____

Subscribed to and sworn before me
this _____ day of January, 2017.

_____
       Notary Public

**Moazzam Ahmad:**

_____

Subscribed to and sworn before me
this _____ day of January, 2017.

_____
       Notary Public

**Keshav Raj Bhatt:**

_____

Subscribed to and sworn before me
this \_\_\_\_ day of January, 2017.

_____
          Notary Public

**Malik Faisal:**

_____

Subscribed to and sworn before me
this \_\_\_\_ day of January, 2017.

_____
          Notary Public

**Rashid Ali:**

_____

Subscribed to and sworn before me
this \_\_\_\_ day of January, 2017.

_____
          Notary Public

**Shabbir Hussain:**

_____

Subscribed to and sworn before me
this _____ day of January, 2017.

_____

       Notary Public

**7-ELEVEN, INC.:**

_____

By: _____

Title: _____

Attest: _____

Approved as to form:

_____       _____
Eric A. Welter, Esq.                         Michael Taubenfeld, Esq.
Attorney for 7-Eleven, Inc.             Attorney for Plaintiffs